IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN ANTHONY MCLAURIN, #283571

        Petitioner

  v.                                        \*    CIVIL ACTION NO. AW-07-914

JOHN A. ROWLEY, COMMISSIONER
THE ATTORNEY GENERAL OF THE
  STATE OF MARYLAND

        Respondents.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

JOHN ANTHONY MCLAURIN, #283571
        Petitioner

  v.                                        \*    CIVIL ACTION NO. AW-07-1296

JOHN A. ROWLEY, COMMISSIONER
THE ATTORNEY GENERAL OF THE
  STATE OF MARYLAND

        Respondents.

\*\*\*

## MEMORANDUM

On April 9, 2007, Petitioner, an inmate at the Jessup Pre-Release Unit, filed this 28 U.S.C. § 2254 Petition for writ of habeas, claiming that the Maryland Division of Correction ("DOC") has miscalculated the award of diminution credits through a misinterpretation of his term of commitment under Maryland law. He asserts that he is "being denied proper calculation on his remaining commitment."[1] *See McLaurin v. Rowley, et al.*, Civil Action No. AW-07-914 at Paper No. 1.

On May 14, 2007, Petitioner filed a request for a temporary restraining order against the DOC to enjoin it from using its current definition and erroneous interpretation of Md. Code Ann.,

---

[1] Petitioner cites to provisions under Md. Code. Ann., Art. 27, §§ 700, *et seq*. These provisions have been recodified under Md. Code Ann., Corr. Servs., §§ 3-701, *et seq.* It appears that Petitioner is challenging the calculation of his diminution credits under Corr. Servs., § 3-704 (Diminution Credits - Good Conduct).

Corr. Servs., §§ 3-701, *et seq*. *See McLaurin v. Rowley, et al.*, Civil Action No. AW-07-1296 at Paper No. 1. Petitioner claims that the DOC's interpretation of the state statutes as to his remaining commitment on a "non-violent" crime and the award of diminution credits constitute a violation of the Ex Post Facto Clause.[2]

In the interests of justice, the cases shall be consolidated for all purposes. Petitioner invokes this court's habeas jurisdiction under 28 U.S.C. § 2254. It is clear that habeas corpus is the appropriate remedy for his claims. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-490 (1973). Rather than attacking his underlying convictions, however, Petitioner argues that his present incarceration has been impermissibly lengthened due to the erroneous denial of additional diminution credits under Maryland law. As such, his attack on the execution of the sentence may be characterized as a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2241. *See King v. Lynaugh*, 729 F.Supp. 57, 58 (W.D. Tex.1990); *Martin v. Rohling*, 2007 WL 977561 (D. Kan. 2007).

Federal law is clear that a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief whether pursuant to 28 U.S.C. § 2241 or § 2254(b). *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973). *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987); *Rose v. Lundy,* 455 U.S. 509 (1982). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose,* 455 U.S. at 523. This consolidated matter must be dismissed because there is no evidence that Petitioner has exhausted available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

---

[2] In both cases Petitioner relies on the Court of Appeals of Maryland's decisions in *Beshears v. Wickes*, 349 Md. 1 (Md. 1998) and *Maryland House of Correction v. Fields*, 348 Md. 245 (Md. 1997).

A prisoner challenging the DOC's failure to calculate properly his good time credits and/or release date has two possible avenues for relief in the state courts. Regardless of whether he believes he is entitled to an immediate release, a prisoner may challenge the calculation of his sentences and/or diminution credits through administrative proceedings by:

1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001 *et seq.,* to the Warden of the institution where he is confined;

2. Appealing a denial of the request by the Warden to the Commissioner;

3. Filing a complaint with the Inmate Grievance Office, ("IGO");

4. Appealing a final decision of the IGO to the Circuit Court; and

5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court. <u>If</u> the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, a prisoner must then seek *certiorari* to the Court of Appeals.

A prisoner claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;[3]

2. Appealing a decision by the Circuit Court to the Court of Special Appeals;[4] and

---

[3] In *Maryland House of Correction v. Fields*, 348 Md. 245, 261 (1997) the Maryland Court of Appeals held that a prisoner presenting a colorable claim of entitlement to immediate release based upon the calculation of diminution credits was entitled to seek habeas corpus relief without first exhausting his administrative remedies. It did not address the situation where a prisoner was not claiming entitlement to immediate release.

[4] Although this court at one time interpreted Maryland law as not permitting an appeal of a state circuit court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Maryland Court of Appeals have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

    3.    Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Petitioner has failed to show that he has fully utilized either of these procedures. Therefore, his consolidated Petition for writ of habeas corpus shall be dismissed without prejudice for the failure to exhaust available state court remedies.[5] Injunctive relief shall not issue. A separate Order follows.

Date: June 13, 2007                                                               /s/
                                                                                 Alexander Williams Jr.
                                                                                 United States District Judge

---

    [5]    The Court's decision should not be construed as a opinion as to the merits of the underlying issues. Sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. *See McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (*per curiam*) (unpublished); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions."). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (*quoting Hill v. United States*, 368 U. S. 424, 428 (1962)).

    In addition, there is no constitutional right to diminution credits. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). The ability to earn diminution of confinement credits is not an automatic entitlement to Maryland inmates whether they were incarcerated in 1999 or 2007, and Maryland inmates do not have an interest in attaining a particular security status or parole release. *See generally Sandin v. Conner,* 515 U.S. 472 (1995), *Paoli v. Lally,* 812 F.2d 1489, 1492-93 (4th Cir. 1987).

    Further, the merits of Petitioner's *ex post facto* claim is refutable. In *California Dep't of Corrections v. Morales,* 514 U.S. 499 (1995); the Court held: the focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of "disadvantage, nor ... on whether an amendment affects a prisoner's (opportunity to take advantage of provisions for early release,) but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Id.* at 506 n. 3 (citation omitted).

    Petitioner does not allege that the DOC changed its policies, but rather that its interpretation of statute and Maryland law is erroneous. In any event, it would appear that any changes to DOC policies regarding the award of diminution credits do not have the effect of making more burdensome the punishment established at the time of Petitioner's offense for which he is currently incarcerated.